IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2001

## STATE OF TENNESSEE v. JERRY O. SUMMERS

**Appeal from the Circuit Court for Williamson County**
**No. II-799-261-B     Timothy L. Easter, Judge**

_____

### No. M2001-01358-CCA-R3-CD - Filed July 19, 2002

_____

The defendant, Jerry O. Summers, appeals from the Williamson County Circuit Court's revoking his probation that was ordered for his sentence for aggravated burglary. The defendant contends that although he violated his probation, the trial court erred in sentencing him to confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Robert H. Plummer, Jr., attorney for appellant, Jerry O. Summers.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Lee E. Dryer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 15, 2000, the defendant pled guilty to aggravated burglary, a Class C felony, and the trial court sentenced him as a Range I, standard offender to four years. Upon the defendant serving one hundred twenty days in jail, the remainder of his sentence was to be served on supervised probation. On January 22, 2001, a probation violation warrant was issued against the defendant, alleging that he had violated his probation by testing positive for marijuana on January 4, 2001.

The defendant admitted to testing positive for marijuana. At the resentencing hearing, he testified that when he learned a probation violation warrant had been issued against him, he turned himself in to the police. He said that after he made bond, he began attending Alcoholics Anonymous (AA) meetings "faithfully." He said that from the time he left jail until the resentencing hearing, he

had attended sixty or seventy meetings. He said that he was an alcoholic and that the meetings were helping his drinking problem. He said he passed recent drug screens.

The defendant testified he worked at Metal Moldings as an aluminum welder. He said that he made $9.50 per hour and that he worked forty hours per week. He said that he lived with his eighty-six-year-old mother and that he drove her to the store and helped her cook. He said he thought he could stay away from drugs and alcohol if he kept going to AA meetings. He said that he made a stupid mistake and that he wanted another chance. He said that he wanted his probation reinstated and that he would donate money to the county drug fund.

On cross-examination, the defendant acknowledged that he began attending AA meetings after he served his one-hundred-twenty-day jail sentence and that attending AA did not stop him from smoking marijuana and violating his probation. However, he said he did not get serious about attending AA until he recently was released on bond. He said he did not think he should have to serve four years imprisonment for one mistake. He said that he used to smoke crack cocaine and that he used to have a problem with Dilaudid. He acknowledged that in addition to pleading guilty to aggravated burglary, he had prior convictions for possession of drug paraphernalia, burglary, theft, driving on a suspended license, possession of heroin, and driving under the influence, second offense. He said he had never violated probation before. He said that he had been in four or five treatment programs and that he was trying to straighten his life.

John Dunn, the defendant's brother-in-law, testified the defendant had "shown more improvement this time than any time before." He said the defendant was a good person who had gotten involved in some bad problems. He said that the defendant tried to take care of the defendant's mother and that it helped her for the defendant to live with her. Larry Summers, the defendant's brother, gave similar testimony.

Mary Briley, the defendant's sister, testified that she had had custody of the defendant's thirteen-year-old son for nine years. She said that in the last few months, the defendant had taken an interest in his son and had become more dependable. She said it was helpful for the defendant to live with their mother.

Helen Summers, the defendant's mother, testified that the defendant lived with her. She said he helped her around the house and drove her to the store. She said that although the defendant used to stay away from home some nights, he now came home most of the time.

The trial court found that the defendant was an addict, that previous attempts to rehabilitate him had been unsuccessful, and that jail had been a good thing for the defendant. The trial court also noted that if it reinstated the defendant's probation, then people in the courtroom would think that probation "doesn't mean what it says." The trial court stated that for the sake of the program the defendant needed to serve the remainder of his sentence in confinement. In ordering the defendant to serve his sentence in incarceration, the trial court also stated that measures less restrictive than

confinement had frequently or recently been applied unsuccessfully to the defendant. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(C).

The defendant claims that the trial court erred in ordering him to serve his four-year sentence in confinement and not reinstating his probation. Specifically, he contends that the trial court failed to take into consideration proof of his rehabilitation. He also contends that the trial court erred in denying his request for probation on the basis that reinstating his probation would depreciate the seriousness of the probation program. The state contends that the trial court properly revoked the defendant's probation and ordered him to serve his sentence in confinement. We agree with the state.

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." <u>State v. Hunter</u>, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. <u>State v. Gregory</u>, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citation omitted).

In this case, the defendant admitted smoking and testing positive for marijuana. As to the defendant's claim that it was improper for the trial court "to refuse reinstatement of probation based solely upon the conclusion that all the others in the court will lose respect for the probation program," the record reflects that the trial court refused the defendant's request for probation for additional reasons. In any event, the defendant has not demonstrated that the trial court abused its discretion by ordering him to serve the remainder of his sentence in incarceration. To the contrary, his admitted drug abuse and repeated failures at past rehabilitation support the trial court's decision. The judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, JUDGE