IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2003

## STATE OF TENNESSEE v. BRUCE HOLLARS

**Direct Appeal from the Criminal Court for Overton County**
**No. 5068     Lillie Ann Sells, Judge**

_____

**No. M2002-01801-CCA-R3-CD - Filed May 21, 2003**

_____

The Overton County Criminal Court revoked the probation of the defendant, Bruce Hollars,[1] and ordered his original sentences of two consecutive terms of eleven months and twenty-nine days be served in confinement. On appeal, the defendant contends that the trial court erred by requiring him to serve the entire sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Michael Savage, Livingston, Tennessee, for the appellant, Bruce Hollars.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William Edward Gibson, District Attorney General; and Owen G. Burnett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 17, 2001, the defendant pled guilty pursuant to a plea agreement to simple possession of marijuana and possession of drug paraphernalia, both Class A misdemeanors, and received consecutive sentences of eleven months and twenty-nine days at 75% for each offense to be served on probation.

On March 4, 2002, the defendant was arrested and charged with driving under the influence and violation of the implied consent law, thereby triggering a revocation warrant. At the probation revocation hearing, Officer Ray Smith testified he received complaints from employees of a business, who reported smelling alcohol on the defendant when he entered the business. The

_____

[1]The defendant's last name is also spelled "Hollers" in some pleadings.

employees also informed the officer that the defendant experienced difficulties in driving his vehicle out of the parking lot.

Officer Smith testified that while en route to the business, he met the defendant driving his vehicle. The officer followed the defendant for approximately one-eighth of a mile, during which time he observed the defendant drive across the yellow line "multiple" times and swerve into traffic once. The officer then stopped the defendant.

Officer Smith testified that upon approaching the defendant's vehicle, he observed a "pile" of beer cans in the back seat of the vehicle. The officer smelled a strong odor of alcohol emitting from the vehicle and asked the defendant to exit the vehicle. Officer Smith stated that when the defendant exited the vehicle, he smelled alcohol on the defendant's breath. When the officer requested the defendant take a series of field sobriety tests, the defendant refused and told the officer that he "could do something else with the test[s]." The defendant also refused to submit to a blood-alcohol test.

Officer Smith testified the defendant was "erratic," and his speech was slurred. The defendant informed the officer that he drank three or four beers at his residence prior to driving. Based on his observations, Officer Smith opined that the defendant was impaired and unable to safely operate a motor vehicle.

The defendant testified that prior to driving, he had consumed one and one-half beers and had taken two diuretics, a water pill, a pain pill, and two anti-depressants. He stated he was unaware of the effect the combination of medication and alcohol would have on his ability to drive. He further stated he did not believe he was intoxicated. The defendant also acknowledged that the rules of his probation prohibited him from drinking alcohol.

The trial court specifically accredited Officer Smith's testimony and found by a preponderance of the evidence that the defendant violated his probation by driving under the influence. The trial court revoked the defendant's probation and ordered his original sentences to be served in confinement. This appeal followed.

**ANALYSIS**

The defendant concedes that the evidence was sufficient to support the trial court's finding that he violated his probation. However, the defendant contends the trial court should have imposed less restrictive punishment. We disagree.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

Upon finding that a defendant has violated the terms of probation, a trial court is expressly authorized to order the defendant to serve the entire balance of the original sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-310, -311; State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Furthermore, a defendant who is already on probation is not necessarily entitled to an additional grant of probation or some other form of alternative sentencing. State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Tenn. Crim. App. Feb. 10, 1999, at Nashville), *perm. to app. denied* (Tenn. 1999).

Upon revoking the defendant's probation, the trial court had the authority to order him to serve his original sentences. We conclude the trial court did not abuse its discretion in ordering the defendant to serve his original sentences in confinement. Therefore, we affirm the judgment of the trial court.

 

 

_____
JOE G. RILEY, JUDGE