IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 6, 2003

**STATE OF TENNESSEE v. ROBERT TYLER HAYNES**

**Direct Appeal from the Circuit Court for Madison County**
**No. 01-779   Roy B. Morgan, Jr., Judge**

---

**No. W2002-02006-CCA-R3-CD  - Filed May 28, 2003**

---

In this direct appeal, the defendant argues the trial court erred in revoking his probation and requiring him to serve his four-year sentence in the Department of Correction.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

George Morton Googe, District Public Defender; and Stephen P. Spracher, Assistant District Public Defender, for the appellant, Robert Tyler Haynes.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 10, 2001, the defendant, Robert Tyler Haynes, pled guilty in the Madison County Circuit Court to aggravated burglary, possession of a prohibited weapon, and two counts of theft under $500.  He received an effective four-year sentence to be served on probation.  At a probation revocation hearing, the defendant conceded that he committed assault, burglary, theft over $10,000, criminal trespass, and escape while on probation.  The defendant requested that the trial court allow him to serve his sentences in the Hardeman County jail simultaneously with a concurrent sentence for a subsequent conviction and then be released back on probation when the other sentence was served.  The trial court revoked the defendant's probation and ordered him to serve the instant sentences in the Department of Correction.  The defendant contends the trial court erred.  We do not agree.

## PROBATION REVOCATION

The decision to revoke probation rests within the sound discretion of the trial court. <u>State v. Mitchell</u>, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). Upon a finding that a defendant has violated the terms of probation, a trial court is expressly authorized to order the defendant to serve the sentence as originally entered. Tenn. Code Ann. §§ 40-35-310, -311; <u>State v. Hunter</u>, 1 S.W.3d 643, 647 (Tenn. 1999).

The defendant admitted he violated the terms of his probation by committing various crimes while on probation. Therefore, the trial court did not abuse its discretion in revoking the defendant's probation. Further, the trial court was well within its authority in ordering the defendant to serve his original sentences. Therefore, we affirm the judgment of the trial court.

JOE G. RILEY, JUDGE