IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 22, 2004

## STATE OF TENNESSEE v. AMY JO TAYLOR BLANKENSHIP

**Direct Appeal from the Circuit Court for Humphreys County**
**No. 9980      Allen W. Wallace, Judge**

---

**No. M2003-02992-CCA-R3-CD - Filed December 16, 2004**

---

Defendant, Amy Jo Taylor Blankenship, appealed the trial court's judgment revoking her probation and ordering her to serve the remainder of her sentence in confinement. We affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Tennessee Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

William B. Lockert, III, District Public Defender; Haylee Bradley, Assistant Public Defender; and Wade Bobo, Assistant Public Defender, for the appellant, Amy Jo Taylor Blankenship.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Lisa C. Donegan, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Defendant pled guilty to aggravated burglary on August 2, 2001. She was sentenced to three years, all of which was suspended, and Defendant placed on probation. A probation violation report was filed on October 25, 2001 alleging that Defendant had been arrested two times for theft and burglary of a vehicle while on probation, that she failed to report her arrests to her probation officer, and that she failed to pay court costs and provide a DNA sample as required by the terms of her probation. The trial court revoked Defendant's probation and ordered her to serve the remainder of her sentence in confinement. The trial court, however, delayed imposition of Defendant's sentence of confinement until after the birth of her child. At the time a second hearing was conducted concerning the imposition of her sentence on February 27, 2003, Defendant was pregnant with another child, and the trial court again continued the hearing. On October 30, 2003, the trial court

found that Defendant continued to violate the terms of her probation and ordered Defendant to begin serving the remainder of her sentence in the Tennessee Department of Correction.

The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement. *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999)

The judgement was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.

Upon review of this matter, this Court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE