IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2005

## STATE OF TENNESSEE v. FREDDIE EUGENE ASBURY

**Appeal from the Criminal Court for Sullivan County**
**Nos. S45,232 and S48,099      Phyllis H. Miller, Judge**

---

### No. E2005-00719-CCA-R3-CD - Filed January 10, 2006

---

The defendant, Freddie Eugene Asbury, appeals the Sullivan County Criminal Court's order revoking his probation. On appeal, the defendant claims that although he violated his probation, the trial court abused its discretion by revoking his probation and ordering him to serve his sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Stephen M. Wallace, District Public Defender, and William A. Kennedy, Assistant Public Defender, for the appellant, Freddie Eugene Asbury.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

This case relates to the defendant's fraudulent obtainment of food stamps and failure to appear in court for his alternative sentencing hearing. The Sullivan County Grand Jury indicted the defendant in case number S45,232 on one count of fraudulently obtaining food stamps, a Class E felony, and one count of fraudulently obtaining food stamps, a Class A misdemeanor. On April 9, 2003, the defendant entered guilty pleas to the two indicted counts of fraudulently obtaining food stamps. The defendant failed to appear for his alternative sentencing hearing on July 25, 2003. The defendant received a two-year sentence for the Class E felony and an eleven-months and twenty-nine-days sentence for the Class A misdemeanor to be served concurrently as a Range I, standard offender. The Sullivan County Grand Jury then indicted the defendant in case number S48,099 on one count of failure to appear, a Class E felony. On December 5, 2003, the defendant entered a guilty plea to the indicted count of failure to appear. The defendant received a two-year suspended

sentence on supervised probation to run consecutively to case number S45,232. The defendant was serving his sentence in case number S45,232, when he was released on April 8, 2004. On December 3, 2004, a probation violation warrant was filed alleging the defendant violated the terms of his probation by failing to provide proof of employment, moving out of state without his probation officer's permission, failing to report as instructed from July 2004 to December 2004, and failing to pay restitution, court costs, and supervision fees.

At the probation revocation hearing, the defendant told the trial court he was guilty of violating the terms of his probation. The defendant testified that he was employed three times during his probation. He said he lost two of the jobs when the employers found out he was a convicted felon and lost the other job because the company went out of business. He said he did not pay restitution, fees, or court costs because he did not have the money. He said that he missed his appointments with his probation officer in July and August because he did not have a car and that he bought a car but it broke down. He said the last time he saw his probation officer was on August 30, 2004, when his probation officer came to his house. He said that after his mother, father, and two brothers died within a six-year period, he "lost it." He said he went to Virginia for a couple of weeks because his wife, son, and mother-in-law were living there. He said his wife left him after he was sent to jail. He said his brother called and told him that he had talked to the defendant's probation officer and that his brother was going to pay the restitution if the defendant entered a rehabilitation center. He said he had planned to pay all the restitution from money he received from selling land his father had left him. He said he signed the property over to his sister and she took all the money. He said he left Virginia and went to Highlands, a rehabilitation center in Connersville, Pennsylvania. He said he was at Highlands from October to December 13th. He said that after he was released from Highlands, he went to live with his brother and began working in Pennsylvania.

On cross-examination, the defendant acknowledged that he had been terminated from his job at Air Movers on August 12th but that two weeks later he told his probation officer he was still working there. He said Air Movers did not tell him he was terminated until sometime in September but admitted he had not worked at all between August 12th and 30th. He acknowledged his probation officer gave him many options on reporting, including meeting him at the Bristol courthouse.

The trial court found that the defendant violated his probation. It stated

> Well, he didn't do anything from the get-go, you know. . . he had a capias issued one day when you didn't show up . . . for court December 13th, 2002. I set it aside. Then April 4th, 2003 you entered a guilty plea, got a two-year sentence. I reinstated your bond and low [sic] and behold July 25th, 2003 you didn't show up. . . .
>
> I've listened to your testimony about your mother dying and your daddy dying and your two brothers dying and I thought well maybe I'd just look in here and find out when, other than you said

your dad died in 2001, and then I found the presentence report and almost every bit of the presentence report, except for the information I guess they could get from out of the NCIC or something and the court file, let's see, last seen in person January 3rd, '03. Then on education information, [health,] family, employment, military, financial, of all those, information not available due to defendant's failure to cooperate.

The defendant contends that the trial court erred by revoking his probation and ordering him to serve his sentence in confinement. He asserts that although he did not complete his probation as directed, he attended and completed a rehabilitation program and became gainfully employed. He asserts these facts show his potential for rehabilitation and should have been considered in mitigating the result. The state contends that the trial court properly ordered the defendant to serve his sentence in confinement. It also contends the defendant admitted that he violated the terms of his probation. The state asserts the "past instances of failure to appear merely compound the need to hold the defendant accountable for these most recent violations."

A trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e). If the trial court revokes probation, it can "(1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The decision to revoke probation is within the sound discretion of the trial court, and its judgment will be reversed only upon a showing of an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's decision. State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In this case, the defendant admitted violating four conditions of his probation. We conclude that the trial court did not abuse its discretion by revoking the defendant's probation and ordering him to serve his sentences in incarceration. We affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE

-3-