IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2009

## STATE OF TENNESSEE v. DANURICO DUJUAN GRUNDY

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR7933     George C. Sexton, Judge**

—————

**No. M2009-00904-CCA-R3-CD - Filed June 9, 2010**

—————

The Defendant-Appellant, Danurico Dujuan Grundy, appeals the revocation of his probation by the Circuit Court for Dickson County. On November 17, 2005, he pled guilty to theft under $500, a Class A misdemeanor, and five counts of uttering a forged instrument under $1,000, a Class E felony. Grundy received an effective sentence of two years in the Tennessee Department of Correction and was ordered to pay $26.50 to the Criminal Injuries Compensation Fund and $546.50 in court costs. On appeal, Grundy claims the trial court erred by revoking his probation and reinstating his original sentences of confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

William B. (Jake) Lockert, III, District Public Defender; Lila Kathleen Mitchell (on appeal) and  Dawn Kavanagh (at hearing) Assistant Public Defenders, Ashland City, Tennessee for the Defendant-Appellant, Danurico Dujuan Grundy.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Billy H. Miller, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**. Prior to the instant case, the record shows that Grundy's probation was violated on November 19, 2007, and June 19, 2008. The first violation in November 2007, alleged the following:

On November 17, 2005, in the Circuit Court of Dickson County, Mr. Grundy pled guilty to charges of Forgery up to $1,000. He was given a sentence of two years in the TDOC. On 02/14/2006, he was released from the Dickson County Jail on Determinate Release and placed on probation. He was instructed to report monthly to his probation officer. Since that time, he has reported three times. He has been arrested twice since his probation began, once in May and once in July. He has also been unable to keep a job.

The trial court found that Grundy violated his probation. The order, which was filed on December 14, 2007, states that Grundy waived his right to a revocation hearing and admitted to the violation. The trial court reinstated Grundy's probation with pretrial jail credits. The record indicates that Grundy later pled guilty to the reduced charge of robbery.

Although the record does not include a copy of the violation report or the resulting order from the trial court, the second probation violation in 2008 was addressed in the Probation Violation Report for the instant violation. The "History of Supervision" section states that on February 8, 2008, Grundy was arrested and charged with "Simple Possession/Casual Exchange (Distribution to Minor)." Grundy pled guilty to the charged offense. Thereafter, a probation violation warrant was issued, alleging that Grundy violated six different rules of his probation. Grundy again chose to waive his right to a revocation hearing and admitted to the probation violations. The trial court ordered Grundy to be released on time served and placed back on probation.

The Probation Violation Report addressing the instant violations was filed on January 22, 2009 and alleged the following violations:

Rule #1– I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances. The Probationer, Danurico Dujuan Grundy, committed on or about January 15, 2009, the offense of Aggravated Criminal Trespassing in Humphreys County, Tennessee (General Sessions Case #29197-09).

Rule #2 – I will report all arrests, including traffic violations immediately, regardless of the outcome to my Probation Officer. The Probationer, Danurico Dujuan Grundy, was arrested on January 15, 2009, by Deputy Tracy Herndon, Humphreys County Sheriff's Department, on the charge of Aggravated Criminal Trespassing (General Sessions Case #29197-09), and was subsequently released on a $1,500.00 bond on January 16, 2009. As of the writing of this report, the Probationer has neither called, sent a letter, or [reported] in person this newest arrest to this Probation/Parole Officer.

Rule #4 – I will work at a lawful occupation and support my dependants, if any, to the best of my ability. The Probationer, Danurico Grundy, has [not] provided verification of obtaining employment or provided verification that he has been seeking employment to this Officer as of the writing of this report.

Rule #9 – I agree to pay all required fees to the Supervision and Criminal Injuries fund unless waived by appropriate authorities. Additionally, if so ordered by the Court, I will pay all imposed fines, court costs, and restitution. The Probationer, Danurico Grundy, is in the arrears on his probation fees, as of the writing of this report, in the amount of $405.00.

Rule #14 – I will not engage in any assaultive, abusive, threatening or intimidating behavior. Nor will I participate in any criminal street gang related activities as defined by T.C.A. 40-35-121. I will not behave in a manner that poses a threat to others or myself. The Probationer, Danurico Dujuan Grundy, committed on or about January 15, 2009, the offense of Aggravated Criminal Trespassing, involving one victim being cut and beaten and another victim [being] choked and scratched, in Humphreys County, Tennessee (General Sessions Case #29197-09).

**Probation Revocation Hearing**. Grundy's probation officer was the only witness to testify at the probation revocation hearing. He explained that Grundy violated several terms of his probation. First, Grundy failed to immediately report his arrest for aggravated criminal trespass. The probation officer said Grundy was arrested on January 15, 2009, and released on bond the next day. Grundy had not reported the arrest by January 22, which was the date the probation officer filed the violation report. At the time of the hearing, the charge had not been adjudicated. The probation officer also testified that Grundy failed to work in a lawful occupation and support his dependants to the best of his ability. Grundy provided no verification that he obtained employment or was seeking employment. Lastly, the probation officer said Grundy did not pay all the required fees to the supervision and interest fund. Additionally, Grundy was "in the arrears on his probation fees . . . in the amount of $405[.]"

On cross-examination, the probation officer said Grundy claimed to be employed at a restaurant. Grundy did not, however, provide verification of employment as requested. The probation officer called the restaurant and was told that Grundy was not employed there. The probation officer testified that he tried to reduce the fees owed by Grundy through a verification of fee exemption eligibility form. The probation officer said he gave Grundy a copy of the form each month to complete and return; however, Grundy never returned the form as instructed.

Following the probation officer's testimony, Grundy informed the trial court that he did not want to testify. The trial court then stated:

> Well, this is Mr. Grundy's second violation. He, obviously, knows the rules and what he's suppose to do on probation. He's just not going to do them. He didn't verify the employment. He didn't report his arrest. He hasn't paid like he was supposed to on his costs.
>
> The Court is going to revoke his probation and order him to serve his sentence. Also, he'll get credit for any time served.

The trial court's findings are reflected in its order revoking Grundy's probation. The order requires Grundy to serve the balance of the original sentence imposed by the trial court.

## ANALYSIS

Grundy claims the trial court erred by revoking his probation and reinstating his original sentences of confinement. He argues the trial court should have considered less restrictive alternatives to incarceration, such as an extended period of probation or the Community Corrections Program. In response, the State contends the trial court did not abuse its discretion by revoking Grundy's probation and ordering confinement.

Our law states that a trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e) (2006). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, "the defendant must show that there is no substantial evidence in the record to support the [trial court's] determination that he violated his probation." Id. (citations omitted).

Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court:

-4-

[M]ay also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Id. at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

Here, the trial court found that Grundy violated his probation by failing to verify his employment, not immediately reporting his arrest, and failing to pay the required probation fees. Grundy sets forth several arguments challenging the revocation. First, he argues that his arrest for aggravated criminal trespass was not a proper basis for revoking his probation because the charge was ultimately dismissed. Grundy also contends his failure to report the arrest was excusable because he "may have intended to report the violation . . . on his next scheduled appointment." Lastly, Grundy asks this Court to consider the current economic recession when judging his efforts to find employment.

From these arguments, we are unable to conclude that the trial court abused its discretion in revoking Grundy's probation. The record shows that Grundy did not immediately report his arrest for aggravated criminal trespass as required. The probation officer testified that Grundy was arrested on January 15, 2009, and released on bond the next day. The arrest had not been reported by January 22, which is when the probation officer issued the violation report. The probation officer also testified that Grundy did not work at a lawful occupation to the best of his ability. He said Grundy claimed to be employed for a period at a restaurant; however, he provided no verification for this claim. Additionally, the probation officer said he called the restaurant and was told that Grundy did not work there. Evidence was also presented that Grundy failed to pay his probation fees, stating that Grundy owed roughly four hundred dollars. Based on the foregoing, substantial evidence was presented that Grundy violated his probation. Therefore, the trial court did not abuse its discretion in revoking Grundy's probation.

We are also unpersuaded that the trial court abused its discretion by reinstating Grundy's original sentences. Upon finding that Grundy violated his probation, the trial court was permitted "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T. C. A. § 40-35-310(a) (2008)). The record supports the trial court's determination of confinement. Here, Grundy twice violated his probation prior to the instant violation. The first violation resulted from his arrest for aggravated robbery, to which he later pled guilty. The second violation was based primarily

on his arrest and conviction for "Simple Possession/Casual Exchange (Distribution to a Minor)" in 2008. The record shows that Grundy has been given multiple opportunities to comply with the terms of his probation, but he has been unable to do so. The trial court did not abuse its discretion by reinstating his original sentences and ordering confinement. Grundy is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE