# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 26, 2010

## STATE OF TENNESSEE v. RODNEY A. LUCAS

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40500116      John H. Gasaway, III, Judge**

---

**No. M2009-02370-CCA-R3-CD - Filed June 30, 2010**

---

The Defendant-Appellant, Rodney A. Lucas, pled guilty in the Circuit Court of Montgomery County to possession of 0.5 grams or more of cocaine with intent to deliver, a Class B felony. He received a sentence of eight years to be served on probation. The trial court revoked Lucas' probation after his second violation. On appeal, Lucas admits that he violated his probation for a second time; however, he claims the trial court erred by revoking his probation and ordering confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE., JJ, joined.

Roger E. Nell, District Public Defender; Sarah R. King, (on appeal); Charles S. Bloodworth (at trial), Assistant Public Defenders, Clarksville, Tennessee, for the Defendant-Appellant, Rodney A. Lucas.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background**. The record states that Lucas pled guilty on July 28, 2005. He was placed on probation for a term of eight years. Lucas was found to have violated his probation on May 13, 2008. He conceded the violation and waived his right to contest the violation at a hearing. The trial court reinstated the probationary sentence.

On April 23, 2009, Lucas' probation officer signed an affidavit stating that Lucas violated his probation for a second time. The affidavit alleged the following violations:

RULE #4: I will work at a lawful occupation and support my dependants, if any, to the best of my ability. Offender has failed to maintain full-time employment and/or provide proof he is seeking employment.

RULE #5: I will inform my Probation Office before changing my residence or employment. I will get the permission of my Probation Officer before leaving my county of residence or the State. I will report immediately within 72 hours, after release from my sentencing hearing to my Probation Officer. Offender has failed to report since the middle of December 08. Offender did call in January 09 to advise he was sick and could not report. He stated he would call during February 09 to report he failed to do so. He has not responded to home visits or telephone calls.

RULE #6: I will allow my Probation Officer to visit my home, employment site, or elsewhere, will carry out all lawful instructions he or she gives, will report to my Probation Officer as instructed, will comply with mandates of the Administrative Case Review Committee, if the use of that process is approved by the Court; will comply with a referral to Resource Center programs, if available, by attending, and will submit to electronic monitoring and community service, if required. Offender has failed to report as instructed his whereabouts are unknown.

RULE #10: I will observe any special conditions imposed by the Court as listed below; Fees capped at [indiscernible], complete 100 hours PSW, pay fines of [indiscernible]-waived. Offender has failed to provide proof of payments on court costs.

Based on these alleged violations, a Violation of Probation Warrant was issued for Lucas' arrest on April 23, 2009. The warrant was not executed until September 6, 2009.

**Probation Revocation Hearing**. At the outset of the hearing, Lucas admitted that he violated his probation. Defense counsel said Lucas had not reported to his probation officer since December of 2008 and failed to complete his public service work. Lucas chose to waive his right to contest the alleged violations.

Lucas testified that he stopped reporting to his probation officer sometime before April of 2009. He provided the following explanation for why he stopped reporting: "It's not

a good explanation; my mother passed away, it's a lot of things on my mind, and I just–I have been off work, and things just hasn't [sic] been going right for me." After Lucas was arrested for the current violations, he spent approximately two weeks in jail before posting bond. Lucas did not know that he was required to report to his probation officer after posting bond. He also explained that the probation office had moved, and he was unsure of its new location. Lucas acknowledged that he had pending charges for expired vehicle registration and driving on a suspended license. He claimed he did not know that he was required to perform public service work as part of his probation. He said public service work was never mentioned in the roughly two years that he reported to his probation officer.

Following Lucas' testimony, the trial court made the following findings:

> The allegation in this second warrant in part is that he has not reported to the probation department since the middle of December '08. So about seven months after he was reinstated to probation he stopped, by his own admission, reporting. After some time a warrant was issued. Actually it was issued April the 23rd of '09; it was served on Mr. Lucas on September the sixth of '09; here we are today, November three, for the purpose of having a hearing.

> So this is the second time that Mr. Lucas has appeared before the Court and admitted that he has violated the terms and conditions of his probated sentence. He offers no explanation–no justifiable explanation as to why he did not report. His basis for not performing the public service work is–is unexcusable [sic]. The Court is well aware that regular attendance to your probation officer will lead to a schedule of public service work. But public service work is not the main concern of the Court. It is the fact that he has been here twice now and just hasn't reported as ordered, and . . . I don't think there's reasonable expectation that he will comply, so he's remanded to serve the sentence.

The judgment form shows that the trial court revoked Lucas' probation and imposed his original sentence of confinement in the Tennessee Department of Correction. Lucas filed a timely notice of appeal.

**ANALYSIS**

Lucas concedes that he violated his probation; however, he claims the trial court erred by revoking his probation and ordering confinement. He sets forth the following argument for why confinement was improper:

-3-

Mr. Lucas submits that he had substantially complied with his probation supervision for a number of years, and instead of incarceration his probation supervision should have been extended for up to two years. He took responsibility by admitting the violations, and it was undisputed that he had been ill. Other than pending traffic offenses, he had not been convicted of any new crimes. He had been on supervised probation since 2005 and had completed half of his eight[-]year term. Despite his setbacks, there were a number of things that Mr. Lucas had done right.

In response, the State argues that the trial court did not abuse its discretion by ordering confinement. Upon review, we agree with the State.

Our law states that a trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination that he violated his probation. Id. (citations omitted).

Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Id. at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

-4-

In this case, the trial court did not abuse its discretion by revoking Lucas' probation and ordering confinement. Lucas admitted that he violated his probation; therefore, the trial court was authorized by statute to impose his original sentence of confinement. T.C.A. §§ 40-35-310, -311(e) (2009); see also Hunter, 1 S.W.3d at 647. Lucas claims the trial court should have extended his probationary sentence by two years, as permitted under Tennessee Code Annotated section 40-35-308(c). He refers to the Comments of the Tennessee Sentencing Commission, which state, "Subsection (c) addresses situations where a defendant violates his or her probation near the end of the term[.]" We recognize that the trial court was authorized to extend the probationary period; however, its failure to exercise this option did not constitute an abuse of discretion. Lucas was not even halfway through his eight-year term when the violation occurred. Additionally, Lucas had previously violated his probation in May of 2008. Merely seven months after his probation was reinstated, Lucas stopped reporting to his probation officer. Lucas admitted that he did not report from December of 2008 to the date when his warrant was executed, September 6, 2009. At the hearing, he acknowledged that he did not have a good explanation for his failure to report. The trial court acted within its discretion by revoking Lucas' probation and ordering confinement. Accordingly, Lucas is not entitled to relief.

**CONCLUSION**

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE