# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
June 3, 2014 Session

## STATE OF TENNESSEE v. DENNIS BUTLER

**Appeal from the Criminal Court of Shelby County**
**No. 10-01213      Chris Craft, Judge**

---

**No. W2013-01397-CCA-R3-CD  - Filed July 28, 2014**

---

Dennis Butler ("the Defendant") pleaded guilty to one count of sale of cocaine. Pursuant to the plea agreement, the Defendant was sentenced to four years suspended to probation. Upon the filing of a probation revocation warrant, the Defendant was taken into custody, and a revocation hearing was held. At the conclusion of the hearing, the trial court revoked the Defendant's probation and ordered him to serve his original sentence in confinement. The Defendant timely appealed the trial court's ruling. Upon a thorough review of the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment
of the Criminal Court Affirmed**

JEFFREY S. BIVINS, SP. J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN , JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for the appellant, Dennis Butler.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Amy P. Weirich, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The Defendant was indicted by a Shelby County Grand Jury on one count each of sale of cocaine, possession with intent to sell cocaine, and possession with intent to deliver cocaine. The Defendant subsequently entered into a guilty plea for sale of cocaine, and the other two charges were dismissed. In accordance with the plea agreement, the Defendant received a sentence of four years suspended to probation. Included within the terms of the

Defendant's probation were the requirements that the Defendant submit to "random and frequent drug screens," acquire full-time employment, and obtain his GED by August 26, 2011. On November 30, 2011, a probation violation warrant was issued, alleging that the Defendant "violated Rule #10 in that he failed to . . . obtain [his] GED by August 26, 2011."

The trial court held a hearing on January 25, 2012. During this hearing, the State agreed to allow the Defendant out on bond to take the test for his GED on March 13, 2012. Accordingly, the trial court reset the matter. At a hearing on June 15, 2012, the Defendant told the trial court that his test scores had "improved" but that he needed to take the test again on July 23, 2012. Accordingly, the trial court reset the matter for August 31, 2012, at which point the Defendant still had failed to obtain his GED. The trial court again reset the matter for November 16, 2012. At the November 2012 hearing, the Defendant told the trial court that he had "passed everything" except the essay portion and requested permission to re-take the exam, which the trial court allowed. The next hearing was on February 22, 2013, at which point the Defendant still had yet to obtain a passing score for his GED. The State agreed to let the Defendant have "one more opportunity" to obtain his GED but stated, "[I]f he doesn't pass then I think we're at the end of the line." Accordingly, the trial court reset the matter again. On May 24, 2013, the Defendant still had failed to attain a passing score on the test for his GED. Upon hearing that the Defendant had not passed the test, the trial court stated, "I'm revoking [the Defendant's] probation because he did not apply himself and get a GED. He can do it. I'm finding he can do it, he just didn't work at it. Just didn't. And I've told him that several times."

The Defendant testified at the May 24 hearing that he was aware that he would receive incarceration if he failed to pass the test for his GED. He stated that, in preparation for the test, he attended classes at Messick High School. He confirmed that he had taken and failed the GED on three occasions. According to his most recent test results, he had passed every section except science. He confirmed that his test scores had continued to improve each time that he took the test.

At the conclusion of the hearing, the trial court noted all the previous hearing dates in which the trial court had given the Defendant additional chances to obtain his GED. The trial court stated, "And if I did not violate his probation then I can never ever make that a condition again because it's a joke." The court continued, "This four years that [the Defendant is] getting is not because he didn't get his GED. The four years he's getting is because of his record and the fact that he decided to sell cocaine to people in our county and turn them into drug addicts and make money off of poor people." Accordingly, the trial court revoked the Defendant's probation and reinstated his original, four-year sentence to be served in confinement. The Defendant timely appealed.

## Analysis

The Defendant contends that the trial court erred in revoking the Defendant's probation. On appeal, we will not disturb the trial court's decision to revoke probation absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); see also State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). We will grant relief only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" Shaffer, 45 S.W.3d at 555 (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Tennessee Code Annotated section 40-35-311 provides that, in a probation revocation proceeding, the court "may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d) (Supp. 2011). And,

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence, and:
>
> (A) Cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with [section] 40-35-310; or
>
> (B) Resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of probation and suspension is a technical one and does not involve the commission of a new offense.

Id. § -311(e)(1); see also State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Thus, the State only must prove that the defendant violated the terms of his or her probation by a preponderance of the evidence.

The Defendant conceded at the probation violation hearing that he violated the terms of his probation. He asserts, nevertheless, that the trial court erred in basing its decision to revoke the Defendant's probation on its finding that the Defendant "failed to apply himself and obtain his GED after many attempts." Once again, "[i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation." Tenn. Code Ann. § 40-35-311(e)(1). The Defendant agreed, as a condition of probation, to obtain his GED by August 26, 2011. As the trial court noted,

the Defendant had been given several chances and additional time to obtain his GED. Indeed, although the Defendant was to obtain his GED by August 26, 2011, the trial court provided the Defendant until May 24, 2013 to pass the test. Even then, over eighteen months past the agreed-upon deadline, the Defendant had failed to obtain his GED. Thus, there was no error on the part of the trial court in revoking the Defendant's probation.

The Defendant also argues that the requirement of obtaining his GED should not have been included as a condition of probation. We note that, had the Defendant taken issue with this condition of probation, the Defendant should have challenged the condition on direct appeal, rather than waiting until the violation of his probation. See Tenn. Code Ann. § 40-35-401(a) (2010) (if a defendant wishes to challenge the manner of service of the imposed sentence, the defendant must do so "within the same time and in the same manner as other appeals in criminal cases"); Tenn. R. App. P. 4(a) (notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from"). Accordingly, the Defendant is entitled to no relief on this issue.

## **Conclusion**

The trial court did not err in revoking the Defendant's probation and ordering him to serve his original sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JEFFREY S. BIVINS, SP. JUDGE