IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FILED

September 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | **FOR PUBLICATION** |
| | ) | |
| Appellee, | ) | **FILED:  September 7, 1999** |
| | ) | |
| v. | ) | WILLIAMSON COUNTY |
| | ) | |
| JEFFREY D. HUNTER, | ) | HON. CORNELIA A. CLARK |
| | ) | |
| Appellant. | ) | No. 01S01-9806-CC-00118 |
| | ) | |
| | ) | |
| | ) | (Probation Revocation) |

For the Appellant:

John S. Colley, III
Columbia, Tennessee

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Marvin E. Clements, Jr.
Assistant Attorney General
Nashville, Tennessee

**OPINION**

AFFIRMED                                                    BARKER, J.

We granted this appeal by Jeffrey D. Hunter, the appellant, in order to address issues pertinent to a trial court's authority during probation revocation proceedings. For the reasons provided herein, we hold that when a trial court has determined that a probation violation has occurred, it possesses the authority to: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining period of probation for as much as an additional two years. We further conclude that a defendant is not entitled to credit on his or her sentence of incarceration for any time served on probation prior to probation revocation and reinstatement of the original sentence. The judgment of the Court of Criminal Appeals is affirmed.

## BACKGROUND

On September 3, 1991, the appellant pled guilty to reckless driving, failure to appear, and two counts of possession of marijuana with the intent to sell. A sentencing hearing was held on November 13, 1991, at which time the trial court imposed consecutive two-year sentences for each marijuana conviction and then immediately granted consecutive two-year probationary periods for each conviction. The trial court also ordered the appellant to serve a consecutive one-year probationary sentence for the failure to appear conviction and a concurrent six-month probationary sentence for the reckless driving conviction. Thus, the total effective sentence for all four convictions was five (5) years to be served on probation.

Approximately one week later, on November 21, 1991, a probation violation warrant was issued against the appellant charging him with marijuana use. Following a hearing on January 13, 1992, the appellant's probation was revoked but then reinstated.

Less than two years later, on February 18, 1993, a second probation violation warrant was issued against the appellant based on charges filed against him for aggravated assault. The appellant subsequently pled guilty to aggravated assault and received a suspended eight-year sentence to be served consecutively to his previous five-year sentence. Again, the trial court revoked the appellant's previous probation and then immediately reinstated the original probationary sentences. The trial court also ordered the appellant incarcerated for seventy-five (75) days before being placed back on probation. The appellant's total effective sentence was, therefore, increased to thirteen (13) years.

A third probation violation warrant was issued against the appellant on June 21, 1994, based on allegations of marijuana use and his arrest for driving under the influence. As a result, on December 15, 1994, the trial court again revoked the appellant's probation and reinstated his original probation sentences. However, the trial court ordered him to serve ninety (90) days in jail before placing him back on probation.

On April 1, 1996, a final probation violation warrant was issued against the appellant. The warrant was based upon the appellant's use of alcohol, which was specifically prohibited by the probationary rules, and his erratic behavior and threats made to his family. Following yet another probation revocation hearing, on May 30, 1996, the trial court again revoked the appellant's probation on all of his sentences and ordered him to serve the following consecutive sentences: two (2) years for the first drug conviction, two (2) years for the second drug conviction, one (1) year for the failure to appear conviction, and eight (8) years for the aggravated assault conviction.

Therefore, the total effective sentence was thirteen (13) years to be served in the Department of Correction.[1]

On June 12, 1996, the appellant filed a motion to correct the sentence alleging that he was incapable of understanding his actions at the time he violated his probation and that two of his four probationary sentences had expired prior to the institution of final probation revocation proceedings. The trial court denied the motion and the Court of Criminal Appeals affirmed, concluding that the trial court possessed the authority to revoke the appellant's probation and to reinstate his original sentence. In so doing the Court of Criminal Appeals held that the appellant was not entitled to receive credit on his probationary sentence for time previously served on probation. [2] The appellant now requests this Court to reverse the lower courts.

## ANALYSIS

The appellant first and primarily contends that he successfully completed the two (2) consecutive two-year probation sentences for the felony drug convictions prior to the institution of final revocation proceedings in 1996. He specifically argues that the thirteen-year sentence imposed upon him following his final revocation hearing should be reduced to a nine-year sentence to account for the completion of these sentences. Based on the reasons outlined below, we affirm the judgment of the Court

---

[1] The record indicates that during the final revocation proceedings, the appellant was sent to the Vanderbilt Medical Center for an evaluation. The evaluation revealed that the appellant had a history of manic-depressive disorder from which he had suffered a relapse due to the death of his wife, who apparently died from a drug overdose. Following the evaluation, the appellant was then transferred to the Department of Correction's Special Needs Facility pursuant to Tenn. Code Ann. § 40-35-314 (e).

[2] In the appeal below, the intermediate court also addressed issues regarding the appellant's sanity at the time of his probation violations and his competency to stand trial at the time of his final revocation hearing. The Court of Criminal Appeals held that the trial court met its obligation by considering the appellant's mental condition as mitigating evidence at the revocation hearing. The intermediate court further concluded that the evidence did not preponderate against the trial court's finding that the appellant was competent to stand trial. Those issues were not raised in this appeal.

4

of Criminal Appeals and the appellant's thirteen-year sentence in the Department of Correction.

Tennessee Code Annotated §§ 40-35-310 (1990) and 40-35-311 (1990) govern the procedure for revocation of probation. If a trial court determines that a defendant has violated the conditions of probation, it has the authority to revoke the defendant's probation and cause execution of the original judgment. Tenn. Code Ann. § 40-35-311. Tennessee Code Annotated § 40-35-310 provides:

> The trial judge shall possess the power, at any time within the maximum time which was directed and ordered by the court for such suspension, after proceeding as provided in § 40-35-311, to revoke and annul such suspension, and in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly.

We agree with the appellant's argument that if a defendant successfully completes a probationary sentence, the trial court is without authority to revoke probation and order service of the original sentence. Tenn. Code Ann. § 40-35-310 (1990). However, in this case, the appellant failed to successfully complete his first two-year probationary period prior to any of his probation revocations. Approximately one week after the appellant was initially placed on probation, a violation warrant was issued against him. Then, in February of 1993, a second probation violation warrant was issued against the appellant. He was placed back on probation after the trial court first revoked his probation. Probation was revoked again in November of 1994. The second revocation was less than two years after the court had reinstated his probation. Following reinstatement in December of 1994, the appellant's probation was revoked again on April 1, 1996, sixteen months following the previous reinstatement. At the final revocation hearing in May 30, 1996, the trial court revoked the appellant's probation and imposed an effective thirteen-year sentence in the Department of Correction.

5

The record clearly shows that the appellant failed to completely serve an entire probationary period prior to any of his probation revocations. Before the appellant could successfully complete his initial two-year probationary term, he repeatedly violated the conditions of his probation. Each time when the trial court revoked the appellant's probation and then reinstated it, the appellant began serving his original sentence anew. The trial court had the authority to revoke probation and order service of the original sentence because he had failed to complete an entire probationary period at the time the violation occurred. Tenn. Code Ann. § 40-35-310 (1990).

The appellant contends, however, that when probation is revoked and reinstated, Tenn. Code Ann. § 40-35-308(c) sets a limit on a trial court's authority to order additional time to be served on probation. The appellant argues that the language of section 40-35-308(c) reveals a legislative intent to prohibit a trial court from imposing a probation sentence greater than two years. We disagree.

Tennessee Code Annotated § 40-35-308(c) provides the trial court with the power to modify, remove, or release a condition of a defendant's probation. The statute in question provides:

> Notwithstanding the actual sentence imposed, at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years.

Tenn. Code Ann. § 40-35-308(c). Under the statute, the trial court has the option to extend the existing probationary period up to two additional years instead of imposing the original sentence. The Sentencing Commission Comments suggest that section 40-35-308(c) was designed to address situations where a defendant violates probation near the end of the probation term and reinstatement of the defendant's original

6

sentence would produce too harsh a result. The Sentencing Commission Comments provide:

> Subsection (c) addresses situations where a defendant violates his or her probation near the end of the term, and instead of ordering complete incarceration, a trial court might desire to extend the defendant's period of probation supervision. This subsection permits such an extension for a period up to two years.

Tenn. Code Ann. § 40-35-308(Sentencing Commission Comments).

The appellant contends that section 40-35-308(c) was designed to prevent trial courts from repeatedly revoking and reinstating a defendant's original probation. We disagree. Nothing in the text of section 40-35-308(c) prohibits a trial court from causing execution of a defendant's original sentence. Had the legislature intended for the statute to limit a trial court's authority in probation revocation proceedings, it could have so provided in the text of the statute. It did not. Furthermore, the appellant's interpretation of section 40-35-308(c) overlooks the language in sections 40-35-310 and 40-35-311 stating that upon revocation a trial court has the authority to impose a defendant's original sentence. See Tenn. Code Ann. §§ 40-35-310,-311.

To summarize, upon revocation, section 40-35-308(c) provides a trial court with an alternative to ordering incarceration or reinstating a defendant's full original sentence. Tenn. Code Ann. § 40-35-308(c); State v. Bowling, 958 S.W.2d 362, 363 (Tenn. Crim. App. 1997). However, the trial court also continues to possess the authority to cause execution of the original judgment as it was originally entered. See Tenn. Code Ann. § 40-35-310. Upon a finding that a defendant has violated the conditions of probation, a trial court has the authority to cause execution of the defendant's original judgment as it was originally entered, Tenn. Code Ann. §§ 40-35-310,-311, or to extend probation for a period up to an additional two years on the remaining period of the original probation. Tenn. Code Ann. § 40-35-308(c); Bowling, 958 S.W.2d at 363.

7

Finally, we address whether the appellant is entitled to credit on his probationary sentence for time spent on probation prior to the revocation. The appellant asserts that he should receive credit for a total of three (3) years, eleven (11) months and eighty-seven (87) days served on various probationary periods between revocation and reinstatements.[3] According to his argument, his thirteen-year sentence should be reduced by that amount. We disagree.

The crux of the appellant's argument is that reinstating the original probationary term every time probation is revoked produces a result which is too harsh for some defendants. He contends that a sentence to be served on probation should be credited in the same manner in which sentences of incarceration are credited for time served in confinement.[4] Otherwise, according to the appellant, all defendants could face potential lifetimes on probation regardless of the time actually served on probation.

This Court recently held that the time a defendant serves on probation is not counted toward the completion of his or her sentence unless a defendant successfully completes the entire term of probation. State v. Taylor, 992 S.W.2d 941 (Tenn. 1999); see also Young v. State, 539 S.W.2d 850, 855 (Tenn. Crim. App. 1976). To hold otherwise would allow a defendant to serve his or her probation sentence in increments of time chosen at the defendant's convenience. Furthermore, a probation sentence should not be credited in the same manner as a sentence of incarceration

---

[3] The appellant seeks credit for one year, five months and twenty-nine days for the period of October 28, 1991, to April 26, 1993, when his probation was revoked. He argues that he is entitled to credit for one year, three months and forty-two days for the period from July 10, 1993, when probation was reinstated, to November 21, 1994, when probation was revoked. The appellant also contends that he is entitled to credit of one year, three months and sixteen days for the period from December 15, 1994, when his probation was reinstated, through April 1, 1996, when the final probation revocation was issued.

[4] The record indicates that he was incarcerated seventy-five days when his probation was revoked in 1993 and ninety days when his probation was revoked in 1994. The Court of Criminal Appeals credited the appellant's sentence to reflect the time he served in confinement.

8

because it is not the equivalent of an incarceration sentence.  Probation is a significantly less severe restraint of liberty than incarceration.  A defendant should not be rewarded with a reduction on his or her sentence for abusing the opportunity to serve the sentence without being subjected to total confinement.  We therefore hold that the appellant is not entitled to credit on his sentence for time served on probation prior to the revocation.

## CONCLUSION

To summarize, we hold that at the conclusion of a probation revocation hearing, a trial court can: (1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years.  We also hold that a defendant is not entitled to credit on his or her sentence for time served on probation unless the defendant successfully completes the entire probation term.  The judgment of the Court of Criminal Appeals is affirmed.

Costs are to be assessed to the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE

CONCUR:

ANDERSON, C.J.
DROWOTA, BIRCH, HOLDER, J.J.

9