IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2003 Session

## STATE OF TENNESSEE v. HUGHES D. CADWELL

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-057-202     Donald P. Harris, Judge**

---

**No. M2002-01013-CCA-R3-CD - Filed May 19, 2003**

---

Defendant, Hughes D. Cadwell, was convicted in the Williamson County General Sessions Court for driving on a suspended license on December 23, 1997. He received a ninety-day suspended sentence and six months probation. On June 22, 1998, a probation violation warrant was issued, alleging that Defendant had failed to maintain monthly contact with his probation officer and that he had failed to pay probation fees and respond to a written request for action. Defendant was not arrested on the warrant until February 6, 2002. At the February 13, 2002, hearing in Williamson County General Sessions Court, Defendant pled true to the probation violation, and the court ordered him to serve the ninety-day sentence. Defendant appealed to the Williamson County Circuit Court on February 15, 2002. The circuit court conducted a hearing to determine whether to reinstate Defendant's probation. The court then dismissed the appeal on the basis that it lacked jurisdiction because Defendant had pled true to the probation violation. We conclude that the circuit court had jurisdiction to hear Defendant's appeal from the general sessions court, *de novo*, and therefore, we remand the case to the circuit court for proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Circuit Court Reversed and Remanded

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

J. Timothy Street, Franklin, Tennessee, for the appellant, Hughes D. Cadwell.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Lee Dryer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On March 2, 2002, the Williamson County Circuit Court held a hearing to determine whether to reinstate Defendant's probation upon his appeal from general sessions court. At the hearing,

Defendant testified that he originally pled guilty to charges of driving on a suspended license. He was eighteen years old at the time, and he was not represented by counsel. Defendant testified that while on probation, he moved with his family to Michigan. He testified that he was a member of a local carpenter's union, but he was presently unemployed. Defendant returned to Tennessee and contacted the Williamson County Sheriff's Office to resolve the pending probation violation warrant. Defendant testified that he had not received any other convictions. On cross-examination, Defendant admitted that he failed to comply with the conditions of his probation. Defendant testified that he could lose his position with the union if he were incarcerated. He also testified that when he entered his guilty plea, he did not understand that he could be ordered to serve his ninety-day sentence in confinement if he violated his probation. Defendant testified that he had paid his probation fees.

The circuit court ruled that the order from the general sessions court revoking Defendant's probation and imposing the original ninety-day sentence was not an "appealable order" because Defendant pled true to the probation violation. The court based its ruling on Tenn. Code Ann. § 40-35-310 (1997), which provides that in cases involving the revocation of a suspended sentence, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly . . . ." The trial court stated, "when [a defendant] concede[s] to the violation, the statute requires that [he] serve the sentence imposed."

A defendant arrested for a violation of probation is entitled to a hearing and has the right to be represented by counsel and to present proof in his behalf. Tenn. Code Ann. § 40-35-311(b) (Supp. 2002). Upon finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court (which was originally the general sessions court in this case) may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999); Tenn. Code Ann. § 40-35-310 (1997); Tenn. Code Ann. § 40-35-311(e) (Supp. 2002); Tenn. Code Ann. § 40-35-308(c) (Supp. 2002).

Defendant has the right to appeal the revocation of his probation and entry of his original sentence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2002). A circuit court reviews *de novo* an appeal of a revocation of probation from general sessions court. Tenn. Code Ann. § 27-5-108(c) (1997). By pleading true to the probation violation, however, Defendant may not re-litigate in circuit court whether he was in violation of his probation, but rather the general sessions court's disposition of his probation violation.

The State concedes that it was error for the trial court to dismiss Defendant's appeal from the Williamson County General Sessions Court for lack of jurisdiction, but argues that the record is sufficient to affirm the judgment. We cannot agree. The circuit court was the court of competent jurisdiction to hear the appeal from general sessions court. Our direct review of the general sessions court judgment would not be appropriate. Defendant was entitled to a *de novo* hearing in the Williamson County Circuit Court. Our review of the judgment of the general sessions court would abrogate Defendant's right to this hearing in the circuit court. The judgment of the circuit court is reversed, and this case is remanded to the circuit court for a new *de novo* hearing to determine

whether to (1) order incarceration, (2) order the original probationary period to commence anew, or (3) extend the remaining probationary period for up to two additional years.

## CONCLUSION

This case is remanded to the circuit court for proceedings consistent with this opinion.

 

_____

THOMAS T. WOODALL, JUDGE