IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2007

**STATE OF TENNESSEE v. LARRY DANIEL**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-B-922     Cheryl A. Blackburn, Judge**

_____

**No. M2006-01620-CCA-R3-CD - Filed April 20, 2007**

_____

The Defendant, Larry Daniel, appeals the sentence imposed after his probation was revoked due to an arrest for driving under the influence. Additionally, the Defendant asserts that the statute which prohibits credit from being given for time spent on probation is unconstitutional. After reviewing the record and applicable law, we find no error in the judgment of the trial court and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Nathan Moore, Nashville, Tennessee, for the Appellant, Larry Daniel.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Finley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Benjamin Winters, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

This appeal arises from a revocation of the Defendant's probation, and his sentence to serve three years at thirty percent. The Defendant originally pled guilty to aggravated assault in 1998, for which he was to serve three years at thirty percent, followed by three years on probation. This sentence was to be served consecutive to another sentence from a previous DUI conviction. In 2001, the Defendant violated his probation and was sentenced to serve the remainder of his three years incarcerated. In 2002, the Defendant petitioned the trial court to suspend his sentence, which was granted; he was then placed on probation for a second time. In 2004, the Defendant was again found to be in violation of his probation, and he was placed under confinement for two weeks, after which he was again placed on probation. Finally, in 2006, the Defendant violated his probation, and his sentence was placed into full effect. It is from that judgment that he now appeals.

This latest revocation of the Defendant's probation arose out of his arrest for his second DUI. At the revocation hearing, Officer Dustin Rush testified as follows: Officer Rush stated he was working for the Gallatin Police Department in December of 2005 when he was dispatched to a location in search of a truck. The dispatcher advised Officer Rush that an off-duty reserve police officer called in to report that a Nissan Titan pickup had run him off the road and had run a red light. Officer Rush located the truck in question and stopped it. When Officer Rush approached the vehicle, the Defendant rolled-down the window, and the officer smelled alcohol. Officer Rush asked the Defendant to exit the vehicle, which he did. The Defendant performed the field sobriety tests poorly, but he refused to submit to a test, and he would not sign the implied consent form. The Defendant was arrested for DUI. On cross-examination, Officer Rush admitted that he did not pull over the Defendant based on any personal observation but solely based on the reserve officer's observations.

Based on this testimony, the trial court determined by a preponderance of the evidence that the Defendant did violate his probation. The trial court stated that it would revisit the issue if the DUI second was dismissed based on an illegal stop by Officer Rush, which was yet to be determined in another court.

## II. Analysis

The Defendant presents two arguments on appeal. First, he asserts that the trial court erred in sentencing the Defendant to serve jail time because of the real possibility that the stop was illegal, and the DUI second charge will be dismissed. Second, the Defendant argues the statute which provides jail-time credit for time served in community corrections but not probation is unconstitutional.

This Court, in State v. Hayes, examined a case where the Defendant's probation was revoked after an illegal search of his automobile. 190 S.W.3d 665, 667-69 (Tenn. Crim. App. 2005). We determined that "[i]n the absence of any evidence of police harassment or that the evidence was obtained in a particularly offensive manner, we conclude that the exclusionary rule is not applicable [in probation revocation hearings]." Id. at 671.

In the case at bar, there is no allegation of, and we can find no evidence of, police harassment. Nor can we find that this evidence was "obtained in a particularly offensive manner;" Officer Rush did not know the Defendant was on probation when he was stopped; the stop was not particularly harassing or otherwise eventful. Thus, we conclude the exclusionary rule would not bar the consideration of this event, even if the stop were found to be unconstitutional in the collateral proceeding. Because the trial court rightfully considered the arrest in determining whether the Defendant violated the terms of his probation, we conclude the trial court did not abuse its discretion in revoking the Defendant's probation. See State v. Harkins, 11 S.W.2d 79, 82 (Tenn. 1991). The Defendant is not entitled to relief on this issue.

The Defendant next asserts that the distinction between a sentence served on probation and

one served on community corrections is constitutionally indistinguishable, and, thus, the ability to receive credit for one and not the other is a violation of the Equal Protection Clause of the United States Constitution. See U.S. Const. amend XIV; T.C.A. § 40-36-106(e)(3)(B) (2006); Op. Atty. Gen. No. 99-111 (May 13, 1999). The State argues there is a distinction between community corrections and probation: one on community corrections is serving his sentence while one on probation has his sentence suspended. See T.C.A. § 40-35-303(c) (2006). We note the Tennessee Supreme Court has found a defendant is not entitled to credit for time served while on probation. State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). While the Defendant's particular argument, that this violates the Equal Protection Clause, is somewhat novel as shown by its lack of supporting authority, we are not persuaded by it. There is in fact a distinction between community corrections and probation. See State v. Cornelius D. Pierce, No. M200502650-CCA-R3-CD, 2006 WL 3071328, at *2 (Tenn. Crim. App., at Nashville, Oct. 30, 2006), *no Tenn. R. App. P. 11 application filed*. The Defendant is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE