# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 29, 2012

## STATE OF TENNESSEE v. JAMES BYRON WRIGHT

### Direct Appeal from the Criminal Court for Cumberland County
### No. 10-0272    David Patterson, Judge

### No. E2011-01661-CCA-R3-CD - Filed August 3, 2012

Defendant, James Byron Wright, entered a guilty plea to violation of an habitual motor offender order and to driving under the influence of an intoxicant (DUI) 6th offense, and received concurrent two-year sentences on the convictions to be served by incarceration. Pursuant to Tennessee Code Annotated section 40-35-212, he was released from confinement and placed on supervised probation. A little less than two months later, a probation violation warrant was filed alleging that Defendant failed to report to his probation officer as required. The trial court, following a hearing, found Defendant had violated his probation, revoked his probation, and ordered him to serve the balance of the sentence by incarceration. On appeal, Defendant asserts that the trial court's disposition that Defendant serve the balance of his sentence by confinement is too harsh. After full review of the record and the parties' briefs, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Cumberland County Criminal Court Affirmed
### Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROGER A. PAGE, JJ., joined.

David Brady, District Public Defender; and John B. Nisbet, III, Assistant Public Defender, Cookeville, Tennessee, for appellant, James Byron Wright.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall A. York, District Attorney General; and Gary McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

# MEMORANDUM OPINION

The only witnesses who testified at the probation violation hearing were Defendant and Danny Williams, Defendant's probation officer. Mr. Williams testified that Defendant was placed on probation on February 3, 2011, and met with Mr. Williams for the first time on February 8, 2011. Among the various rules for probation and Defendant's responsibilities which were discussed, Defendant was told that he had to report to Mr. Williams at least twice per month for the first two months. Defendant never reported to Mr. Williams after the initial meeting and before he was arrested on the probation violation warrant on May 14, 2011. Before filing a probation violation report on March 28, 2011, Mr. Williams went to the home of Defendant's mother, where Defendant had stated he was living, called the residence five or six times, and left messages with Defendant's mother, but Mr. Williams was never able to make contact with Defendant.

Defendant testified that he did not remember Mr. Williams telling Defendant to contact Mr. Williams twice each month. Defendant initially stated that he believed he had to report within thirty days of February 8th. The following excerpt from Defendant's direct examination fairly sums up the situation:

| [Defendant's Counsel]: | All right. Let's assume he gave you thirty days, did you report to him after thirty days? |
|---|---|
| [Defendant]: | No, I didn't. |
| [Defendant's Counsel]: | Why not[?] |
| [Defendant]: | Well, I didn't have a ride, I didn't have any money to hire to get a ride to do anything. I don't own a vehicle. Like I say, I didn't have any money to, didn't have anyway [sic] to get around anywhere. |
| [Defendant's Counsel]: | Got a telephone? |
| [Defendant]: | I do. |
| [Defendant's Counsel]: | Didn't call him though did you? |
| [Defendant]: | No, I didn't. |

[Defendant's Counsel]:      Why didn't you?

[Defendant]:      Well, I thought I was revoked.

\* \* \*

THE COURT:      Why would you think you were revoked?

[Defendant]:      Cause I had missed my appointment.

Ultimately, Defendant explained that he did not call the probation officer because he was in a state of depression. After finding that Defendant violated the conditions and requirements of probation by failing to report to his probation officer, the trial court ordered the balance of the sentence to be served by incarceration. This disposition was the result of the trial court's finding that Defendant had not done well on probation, and there was no reason to believe that Defendant would do well on probation "this time either" if placed back on probation.

Defendant argues that the trial court should have extended his probation for an additional year rather than order incarceration. When a trial court finds by a preponderance of the evidence that a defendant has violated probation, the trial court can order the defendant to serve the sentence by incarceration, place the defendant back on probation as it was originally entered, or extend the remaining probationary period for not more than two additional years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). We conclude that the trial court did not err by ordering Defendant to serve the balance of his sentence by incarceration. Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, JUDGE