# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 8, 2014

## STATE OF TENNESSEE v. DANIEL MOSBY

**Appeal from the Criminal Court for Shelby County**
**No. 1200330     Honorable James C. Beasley, Jr., Judge**

---

**No. W2013-01874-CCA-R3-CD - Filed August 27, 2014**

---

The Defendant, Daniel Mosby, appeals from the Shelby County Criminal Court's order revoking his community corrections sentence. The Defendant previously entered a guilty plea to aggravated burglary and, pursuant to the plea agreement, was sentenced to 10 years to be served in the community corrections program with credit for time served. On appeal, the Defendant argues that the trial court abused its discretion in revoking his community corrections sentence and ordering him to serve his original sentence in confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Harry Eugene Sayle, III, Assistant Public Defender, Memphis, Tennessee, for the Defendant-Appellant, Daniel Mosby.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose Leon, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On January 24, 2012, the Defendant was indicted for aggravated burglary committed on October 4, 2010. The Defendant entered a guilty plea to aggravated burglary as charged in the indictment on June 19, 2012. Pursuant to the plea agreement, the trial court sentenced the Defendant, a Range III persistent offender, to 10 years with credit for time served and ordered the Defendant to pay court costs and restitution in the amount of $270 to the victim.

The court granted the Defendant's petition for probation and allowed the Defendant to serve his sentence in the community corrections program.

On June 5, 2013, a petition to revoke the Defendant's community corrections sentence was filed with the court, alleging that the Defendant violated the terms of his sentence by: (1) testing positive for the use of marijuana on April 24, 2013; (2) failing to work at a lawful occupation and failing to maintain employment; (3) failing to pay court costs and other fines and fees; (4) failing to obtain a community service site and perform any community service work; and (5) failing to complete a residential program at Lighthouse Ministries. An addendum to the petition to revoke was filed on July 26, 2013, alleging that the Defendant violated the terms of his sentence by: (1) failing to report to his supervising agency, absconding from supervision, and failing to provide current and accurate contact information; and (2) failing to attend alcohol, drug, or psychological evaluation and/or treatment as required.

At the July 26, 2013 revocation hearing, Shanna Davis, the Defendant's probation officer, testified that the Defendant understood the terms and conditions of his sentence but failed to comply in numerous ways, including testing positive for and admitting to using marijuana; failing to obtain employment and pay his various court costs, fines, and fees; and failing to obtain a community service site and perform any community service. Additionally, she testified that the Defendant was ordered to complete a residential program at Lighthouse Ministries but was "unsuccessfully discharged due to numerous infractions" on April 27, 2013. She added that he last reported to his supervising agency on April 24, 2013, and has since absconded from supervision and failed to provide any current or accurate contact information.

The Defendant testified at the revocation hearing and admitted that Ms. Davis's allegations of his violations were true. The Defendant testified that his tasks at Lighthouse Ministries included work, study, and reading; however, the Defendant stated that he did not need to worry about reading and studying because he has a "serious drug addiction." He testified that needed "somebody to tell [him] how to live his life without drugs . . . to escape [his] addiction," but Lighthouse does not offer "any kind of recovery skills." The Defendant was discharged from Lighthouse Ministries for breaking its rules, including smoking marijuana in the dormitory and failing a drug test. The Defendant claimed that he attempted to get into another program, known as CAPS, which he believed would offer him "the type" of help he needed; however, CAPS informed him that the program had to be "court-ordered" or he had to pay for its services. He stated that "without any kind of addictions in [his] life, [he's] a perfect person," and his "only downfall" is supporting a drug habit. He admitted that he was convicted of aggravated burglary but stated that he committed that crime to support his drug habit. He stated that he quit reporting to his probation officer after failing a drug

test because he "already violated" the conditions of his community corrections sentence. The Defendant asked the court to "help [him] get into CAPS" to help him "cope with [his] addiction."

Following the hearing, the court found that the Defendant violated the conditions of his community corrections sentence and granted the petition to revoke. The court credited the Defendant for time served and ordered that he serve the remainder of his 10-year sentence in confinement. The Defendant timely appealed to this court.

## ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion in revoking the Defendant's community corrections sentence. He asserts that the revocation is "contrary to the sentencing principles and purposes" of the Sentencing Act, which include "[e]ncouraging effective rehabilitation . . . by using alternative sentencing." The Defendant maintains that because of his long-standing drug addiction, which has fueled his criminal behavior, the trial court should have ordered him to a drug rehabilitation facility so that he could get the help he needs. The State responds that the trial court acted well within its discretion in revoking the Defendant's community corrections sentence. Upon review, we agree with the State.

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. A trial court may revoke either alternative sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. See T.C.A. §§ 40-35-310, -311(e). An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82). An abuse of discretion is established if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing Harkins, 811 S.W.2d at 82). Once the trial court has made the finding that a violation of probation has occurred, it has the discretion to order the defendant to: (1) serve the original sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in finding that the Defendant violated the conditions of his community corrections sentence and ordering him to serve the remainder of his sentence in confinement. The Defendant admitted to numerous violations of the conditions of his sentence, providing the court with substantial evidence to find that the violations occurred. Upon a finding that the Defendant violated the conditions of community corrections, the trial court had the option to order the Defendant to serve the remainder of his original sentence in incarceration. See Hunter, 1 S.W.3d at 647. Moreover, this court has repeatedly held that "an accused already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999). The Defendant was given the benefit of alternative sentencing yet failed to comply with its terms or take advantage of the opportunity for treatment for his drug addiction. The court acted well within its authority in revoking the Defendant's community corrections sentence and imposing confinement. The Defendant is not entitled to relief.

**CONCLUSION**

Based on the foregoing authorities and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE