IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 5, 2019

## STATE OF TENNESSEE v. WHITNEY S. PHILLIPS

**Appeal from the Circuit Court for Madison County**
No. 18-383    Roy B. Morgan, Jr., Judge

_____

### No. W2019-00553-CCA-R3-CD

_____

In 2018, the Defendant-Appellant, Whitney S. Phillips, entered a guilty plea to several drug related offenses and received an effective sentence of ten years under the supervision of the Community Corrections Program, after service of eleven months and twenty-nine days imprisonment. In 2019, following a hearing, the trial court revoked the Defendant's community corrections sentence and imposed the original ten-year term of confinement. In this appeal, the Defendant contends that the trial court abused its discretion. Upon review, we affirm.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

George Morton Googe, District Public Defender, and Jeremy B. Epperson, Assistant Public Defender, for the Defendant-Appellant, Whitney S. Phillips.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Jody Pickens, District Attorney General; and Lee Sparks, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On March 6, 2019, Danelle Haynes, the Defendant's case officer, filed an affidavit alleging that the Defendant violated his community corrections sentence by failing to gain employment, failing to pay "costs/fines/restitution," failing to schedule/complete alcohol and drug assessment, failing to report, and failing to remain drug free. An arrest warrant was issued for the Defendant, and a revocation hearing was conducted on March 18, 2019. At the hearing, the Defendant's case officer testified consistently with the rule violations as stated in the affidavit. Specifically, she said that the Defendant failed to

report to his community corrections intake meeting upon release from jail on January 20, 2019. The Defendant also committed the following violations: failure to make any payments to the court upon release from jail, failure to provide verification of his participation in an alcohol and drug treatment program, and failure to gain employment. Finally, the case officer testified that the Defendant tested positive for marijuana on his February 19 office visit and during his March 1 Corrections Management transfer to Gibson County. On cross-examination, the case officer agreed that the Defendant contacted her by phone on February 6, 2019, and he was told to report to her the next day. She said the Defendant reported late the following day. She agreed that the Defendant reported to her office on March 6 and was arrested pursuant to the instant warrant.

The Defendant testified that he was told to report to Gibson County upon his release from confinement because that is where he lived. He said he had been reporting to Gibson County because the probation officers there told him that his case officer in Jackson understood that his probation had been transferred. Upon receiving a call to "come to Jackson," he reported to his case officer. He spoke with his case officer about setting up a payment plan and went to the clerk's office as ordered. He believed the payments were not to commence until March 2, and he was arrested before he could make his first payment. He testified similarly that he had scheduled an appointment for alcohol and drug treatment, but he had been given a date three weeks later. He said his appointment was the same day as the revocation hearing. Finally, the Defendant agreed that he had smoked marijuana upon his release from jail on January 20 and that it was a "poor choice."

Following the testimony at the revocation hearing, the trial court determined that that the Defendant violated the terms of his community correction sentence and imposed the original ten-year term of confinement. The Defendant filed a timely notice of appeal.


## ANALYSIS

The Defendant contends that the trial court abused its discretion in revoking his community corrections sentence because his violations were minor and "justified additional conditions on [his] suspended sentence but not complete revocation." In response, the State contends, and we agree, that the trial court acted within its discretion in ordering the Defendant to serve his sentence in confinement.

The same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within

the sound discretion of the trial court. Id. A trial court may revoke either alternative sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. See T.C.A. §§ 40-35-310, -311(e). An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82). An abuse of discretion is established if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing Harkins, 811 S.W.2d at 82). Once the trial court has made the finding that a violation of probation has occurred, it has the discretion to order the defendant to: (1) serve the original sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

Upon our review, we conclude that the trial court did not abuse its discretion in finding that the Defendant violated the conditions of his community corrections sentence and ordering him to serve the remainder of his sentence in confinement. The record shows that the Defendant failed to report to his case officer as ordered, failed to pay fines and costs, and failed two separate drug screenings. Accordingly, there is substantial evidence in support of the findings of the trial court, and the Defendant is not entitled to relief.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE