FILED

04/27/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 12, 2020

**STATE OF TENNESSEE v. KEITH HARRIS PEARSON**

**Appeal from the Circuit Court for Marshall County**
**No. 18-CR-54      Forest A. Durard, Jr., Judge**
_____

**No. M2019-00780-CCA-R3-CD**
_____

Keith Harris Pearson, Defendant, admitted to violating the terms of his probation, and the trial court revoked his probation and ordered him to serve the balance of his sentence in the Tennessee Department of Correction ("TDOC"). On appeal, Defendant claims that the trial court erred in revoking his probation. Discerning no error, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender, and William J. Harold, Assistant District Public Defender, for the appellant, Keith Harris Pearson.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and Drew Wright, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 18, 2018, Defendant pled guilty in Case Nos. 18-CR-54 and 18-CR-55. In Case No. 18-CR-54, Defendant pled guilty to two counts of reckless endangerment by discharging a deadly weapon into a habitation, and the trial court sentenced Defendant to concurrent six-year sentences to be served on probation. Although the judgment in Case No. 18-CR-55 is not included in the record on appeal, we glean from the plea agreement that Defendant pled guilty to aggravated domestic assault and was sentenced to six years, with service of 335 days and the balance of the sentence to be served on probation. The plea agreement also provided that the effective six-year sentence in Case No. 18-CR-54

would be consecutive to the six-year sentence for aggravated domestic assault in Case No. 18-CR-55 and "any unexpired sentence."

On February 20, 2019, a probation violation warrant was filed in Case Nos. 18-CR-54 and 18-CR-55 averring that Defendant was charged with driving on a suspended license; that he missed multiple sessions of the court-ordered Batterers' Intervention Program; that he tested positive for methamphetamine, marijuana, ecstasy, and cocaine; and admitted to using marijuana and intravenous heroin.

On March 20, 2019, the trial court held revocation hearings during which Defendant conceded to violating the terms of his probation. The court reset the hearing "to allow time to explore alternatives for [D]efendant's drug addiction and mental health conditions." The court reconvened on April 17, 2019, and after hearing testimony of witnesses and statements of counsel and Defendant, the court revoked the probation in Case 2018-CR-54 but not the sentence in Case 2018-CR-55. In its order revoking probation, the court "recommend[ed] that due to Defendant's status as a military veteran, he be given immediate placement in a T[ennessee] D[epartment] [o]f C[orrection] Veterans Housing Unit and, when available, placement in all drug programs when a spot became available." Defendant timely filed a notice of appeal.

Defendant argues on appeal that the trial court erred in revoking his probation and ordering him to serve one of his original sentences in incarceration. The State responds that the trial court acted within its discretion to order him to serve his original sentence. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. T.C.A. §§ 40-35-310, -311; *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). Here, Defendant admitted to violating the conditions of probation.

Once a trial court has determined that a violation of probation has occurred, the court has the discretionary authority to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e); *see State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999)).

The court acted well within its discretionary authority in ordering that Defendant serve his sentence in Case 2018-CR-54 in confinement.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking Defendant's probation and ordering the balance of his sentence to be served in the TDOC.

_____
THOMAS T. WOODALL, JUDGE