IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2021

## STATE OF TENNESSEE v. DEVIN L. LEGON

**Appeal from the Circuit Court for Giles County**
**No. CR-12841        Stella L. Hargrove, Judge**

_____

### No. M2020-00866-CCA-R3-CD

_____

The Defendant, Devin L. Legon, pleaded guilty to conspiracy to commit theft of property valued over $60,000, aggravated burglary, and theft of property valued over $60,000. He agreed to pay $60,000 in restitution and to serve an effective ten-year sentence on probation. A revocation warrant was issued, and following a hearing, the trial court revoked the Defendant's probation and ordered him to serve his sentence in confinement. On appeal, the Defendant contends that the trial court abused its discretion by ordering him to serve his sentence in confinement. Following our review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and JILL BARTEE AYERS, JJ., joined.

Brandon E. White (on appeal), Columbia, Tennessee; Claudia Jack, District Public Defender; and Hershell Koger (at hearing), Assistant District Public Defender, for the appellant, Devin L. Legon.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Rebecca S. Parsons, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Following the Defendant's guilty plea in July 2016, a first violation of probation warrant was issued in June 2017, alleging that the Defendant violated the conditions of

his probation by moving to a new residence outside the county without the permission of his probation officer and by failing to report to his probation officer on three occasions. A probation violation report filed on the same day as the probation warrant stated, in addition to the grounds in the warrant, that the Defendant tested positive for morphine in March 2017. An amended violation of probation warrant was filed in November 2017, alleging that the Defendant was arrested for driving on revoked license in September 2017 and failed to report the arrest to his probation officer. On July 27, 2018, the trial court entered an order partially revoking the Defendant's probation and imposed a sentence of 120 days in confinement, with the remainder of his sentence to be served on probation.

A second violation of probation warrant was issued on September 16, 2019, alleging that the Defendant was arrested for possession of a Schedule II controlled substance and that he failed to report the arrest to his probation officer. A probation violation report filed on September 19, 2019, referenced the grounds stated in the warrant and also alleged that the Defendant violated his probation by testing positive for amphetamines and methamphetamine on November 28, 2018, and by failing to pay any of the restitution ordered in his case.

At the revocation hearing, the Defendant's probation officer, Ms. Cirri King, testified that the Defendant received and signed a copy of the rules and regulations of probation during his intake meeting on July 20, 2016. The Defendant transferred from the Lawrenceburg, Tennessee, probation office to the Columbia, Tennessee, probation office in October of 2016. Ms. King reviewed the grounds for the first revocation of the Defendant's probation at the hearing. Once the Defendant was released from confinement following the first revocation of his probation, he failed to report to his probation officer. Ms. King testified that probation officers could not reach the Defendant by telephone. During a home visit conducted in May of 2018, the Defendant's brother informed officers that nobody was home, but officers observed a vehicle they believed was occupied by the Defendant speed away from the home. The Defendant was arrested in Williamson County for a failure to appear charge, and he was released from confinement in September of 2018.

According to Ms. King, the Defendant continued failing to report to his probation officer. Officers contacted the Defendant by telephone, and the Defendant provided them with a new address in Murfreesboro, Tennessee. Ms. King testified that the Defendant reported to probation in Columbia in October of 2018, and at that time, he transferred his probation to Murfreesboro. She stated that the Defendant reported in November of 2018, and he tested positive for methamphetamine. The toxicology report was entered as an exhibit. The Defendant met with a social worker, agreed to begin taking medications for his mental health, and agreed to attend the Buffalo Valley treatment center for his

substance abuse. The Defendant failed to report on December 13, 2018, and he absconded until February of 2019.

Ms. King testified that on February 19, 2019, the Defendant reported to probation and tested positive for methamphetamine, and the toxicology report was entered as an exhibit. Officers attempted a home visit afterward, but the Defendant's sister informed them that the Defendant had moved out a month prior to their visit. The Defendant absconded, and Ms. King sought the present violation of probation warrant following the Defendant's Cheatham County arrest on August 29, 2019, for possession of a Schedule II controlled substance. Certified copies of the Defendant's conviction for possession of a Schedule II controlled substance dated September 4, 2019, and a violation of probation warrant associated with that conviction were entered as an exhibit. Ms. King testified that the Defendant owed $60,000 in restitution and was required to pay $250 per month.

The Defendant testified that he failed to report to probation once he was released from confinement after his first violation because he asked to transfer to another county and was told someone would contact him, but he never was contacted about it. He agreed that in November of 2018, he had an opportunity to enter Buffalo Valley for substance abuse treatment and that he failed to report again on December 13, 2018, to complete the entry process. He testified that he sought treatment at Buffalo Valley, but his insurance would not pay for it. He stated that the treatment required a court order and that he did not know how to obtain a court order. He disagreed that the treatment would have been provided at no cost to him and disagreed that he had not taken advantage of the services probation offered. He testified that he began using methamphetamine while on probation and that he could afford to purchase the drugs because he was earning $10 an hour working with his cousin eight to ten hours a day.

The Defendant agreed that he owed $250 a month to satisfy a $60,000 restitution order and that he had not paid any money toward that balance. He stated that he could not afford the restitution payment because he had five kids. He stated that he tried to make a payment plan but "went downhill" when he began using methamphetamine again. He agreed he could have made restitution payments while he was working. He testified that he was arrested in Cheatham County on August 29, 2019, for possession of a Schedule II controlled substance, namely, methamphetamine.

The trial court found that the Defendant previously violated his probation and that the present proceeding concerned his second violation. The court found that the evidence showed the Defendant was arrested and convicted on a new criminal charge out of Cheatham County, failed to report to probation, tested positive for methamphetamine, and failed to pay restitution when he had the ability to do so. The court found that the

State proved the Defendant violated his probation, revoked the Defendant's probation in full, and ordered the Defendant to serve his sentence in confinement.

## ANALYSIS

The Defendant does not challenge the trial court's finding that he violated the terms of his probation. Rather, he challenges the trial court's order requiring him to serve his sentence in confinement. He maintains that the trial court should have ordered something less than confinement and should have required him to attend an inpatient substance abuse treatment program. The State contends that the trial court properly revoked the Defendant's probation and ordered him to serve his sentence in confinement. We agree with the State.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). An abuse of discretion in revoking a defendant's probation occurs only where there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. A trial court finding that a defendant has violated the conditions of probation is statutorily authorized to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the Defendant to probation on appropriate modified conditions; or (4) extend the Defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing T.C.A. §§ 40-35-308(a), (c), -310, -311(e)(1); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999)). In exercising its authority, a trial court has no obligation to provide a defendant already on probation "'a second grant of probation or another form of alternative sentencing.'" *State v. Tracy Arnold*, No. W2018-00307-CCA-R3-CD, 2018 WL 6266279, at *1 (Tenn. Crim. App. Nov. 30, 2018) (citation omitted).

The record shows that the trial court did not abuse its discretion by ordering the Defendant to serve his sentence in confinement. The Defendant was alleged to have violated his probation by being arrested for possession of a Schedule II controlled substance and by failing to report the arrest to his probation officer. He conceded at the hearing that he was arrested for possessing a Schedule II controlled substance, namely, methamphetamine, and the record of his conviction for that arrest was entered as an exhibit. The trial court found that the Defendant was charged and convicted with a new offense while on probation. The trial court also found that the evidence showed that the Defendant failed to report for probation, tested positive for methamphetamine, and failed to pay restitution despite having the ability to pay it. The Defendant does not contest the court's finding that he violated the terms of his probation. The court had previously

- 4 -

given the Defendant the opportunity to continue with probation following his first revocation, but the Defendant continued to violate the terms of his probation. The court's decision to sentence the Defendant to confinement after finding that he violated his probation was within its statutory authority. *See* T.C.A. §§ 40-35-308(a), (c); -310; -311(e)(1). We conclude that the trial court did not abuse its discretion and that the Defendant is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE