IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 19, 2022

## STATE OF TENNESSEE v. WILLIAM LESTER STRICKLAND

**Appeal from the Circuit Court for Blount County**
**No. C-26638  David Reed Duggan, Judge**

_____

**No. E2021-01280-CCA-R3-CD**

_____

The Defendant-Appellant, William Lester Strickland, appeals from the revocation of his probationary sentence for aggravated burglary. The sole issue presented for review is whether the trial court erred in fully revoking the Defendant's probation and ordering him to serve the remainder of his sentence in confinement. Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined, and JOHN EVERETT WILLIAMS, P.J., (not participating).[1]

J. Liddell Kirk, Madisonville, Tennessee, for the Defendant-Appellant, William Lester Strickland.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Mike L. Flynn, District Attorney General; and Tracy Jenkins, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On May 20, 2019, the Defendant, a Range III persistent offender, entered a guilty plea to aggravated burglary and received a nine-year sentence of split confinement, with one year to be served in the Tennessee Department of Correction and the remaining eight years to be served under supervised probation. The record does not contain a violation warrant; however, the October 18, 2021 revocation hearing reflects that the Defendant stipulated to violations of his probation stemming from a positive drug screen for amphetamine, methamphetamine, buprenorphine, and norbuprenorphine. At the top of the hearing, the Defendant also stipulated to an affidavit from Mark Wuest, Director for Alere

_____

[1] The Honorable John Everett Williams passed away on September 2, 2022, and did not participate in this opinion. We acknowledge his faithful service to this Court.

Toxicology Services, attesting to the positive results of the Defendant's drug screen, and the drug test report, both of which were offered into evidence as exhibits to the hearing.

The Defendant testified and explained that he was released from custody on the aggravated burglary conviction sometime around Christmas of 2019. A few months later, he violated the terms of his probation for the first time and was ordered to serve 300 days in confinement. After being released from custody in early 2021, the Defendant violated his probation for the second time by failing a drug screen—the violation giving rise to the instant appeal. He stated the root cause of his criminal history was his addiction to drugs, which started when he was a teenager. When asked if he had ever sought treatment for his addiction, the Defendant stated that he had tried an outpatient treatment program in his twenties but that it was unsuccessful. The Defendant also explained that he was not eligible for drug recovery court or "DC4," a treatment program run by the Davidson County Drug Court, because he had previously been convicted of a violent crime. The Defendant agreed that he had previously been convicted of felony theft, identity theft, attempt to initiate the process of manufacturing methamphetamine, and two auto burglaries. The Defendant also agreed that he had not attempted to enter any other drug treatment programs.

At the conclusion of the hearing, the trial court revoked the Defendant's probation after finding that he had materially violated the terms of his probation in failing a drug screen, failing to pay his court costs and supervision fees, and given the fact he had previously violated the terms of his probation. The trial court further noted that it believed the Defendant had an addiction problem but that he was not eligible for any alternative sentencing programs. The trial court ordered the Defendant to serve the remainder of his sentence in confinement, stating that it did not "have any options." The Defendant filed a timely notice of appeal on October 29, 2021.

## ANALYSIS

On appeal, the Defendant argues that "even though he violated his probation conditions, he should not have been required to serve the remainder of his sentence in custody." He asserts he should have been allowed to serve his sentence in an alternative treatment facility. The State responds that the trial court properly acted within its authority when it revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement after finding that he had materially violated the conditions of his probation. We agree with the State.

The Tennessee Supreme Court clarified that a probation revocation proceeding involves a two-step inquiry, both of which are distinct discretionary decisions that must be reviewed and addressed on appeal. State v. Dagnan, 641 S.W.3d 751, 753, 757-58 (Tenn. 2022). "If the trial judge finds by a preponderance of the evidence that the defendant has

violated the conditions of probation and suspension of sentence, then the court may revoke the defendant's probation and suspension of sentence, in full or in part, pursuant to § 40-35-310." Tenn. Code Ann. § 40-35-311. Upon finding that a defendant violated the terms of his or her probation, a trial court "must determine (1) whether to revoke probation, and (2) the appropriate consequence to impose upon revocation." Dagnan, 641 S.W.3d at 753. Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 646-47 (Tenn. 1999); Tenn. Code Ann. §§ 40-35-308, -310, -311.

If the trial court "places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record," the standard of review on appeal is abuse of discretion with a presumption of reasonableness. Dagnan, 641 S.W.3d at 759. "It is not necessary for the trial court's findings to be particularly lengthy or detailed but only sufficient for the appellate court to conduct a meaningful review of the revocation decision." Id. (citing State v. Bise, 380 S.W.3d 682, 705-06 (Tenn. 2012)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the Defendant stipulated to the drug-based probation violation. The record is also sufficient to support the trial court's consequence determination. The trial court ordered the Defendant to serve the remainder of his sentence in custody, explaining that it was the only option since the Defendant was not eligible, by his own admission, for an alternative treatment program. Moreover, it is well-established that once the trial court determined that the Defendant had violated the terms of his probation, it was authorized to order him to confinement for the remainder of his sentence. Hunter, 1 S.W.3d at 648. This court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). The trial court's order of revocation was proper. Accordingly, he is not entitled to relief.

**CONCLUSION**

Based on our review, we affirm the judgment of the trial court.

- 3 -

_____

CAMILLE R. MCMULLEN, JUDGE