IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 18, 2020 Session

**STATE OF TENNESSEE v. JEREMY LEE CARTER**

**Appeal from the Criminal Court for Macon County
Nos. 13-CR-165, 16-CR-307      Brody N. Kane, Judge**

————————————————————

**No. M2019-00454-CCA-R3-CD**

————————————————————

The Defendant, Jeremy Lee Carter, pleaded guilty to evading arrest, reckless endangerment, and promotion of methamphetamine manufacture; and he received an effective sentence of eight years on probation. A revocation warrant was issued, and following a hearing, the trial court found that the Defendant violated the terms of his probation, revoked his probation, and ordered him to serve his sentence in confinement. On appeal, the Defendant contends that the trial court erred in ordering him to serve his sentence in confinement. Following our review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Brennan M. Wingerter (on appeal), Assistant Public Defender – Appellate Division; Comer L. Donnell, District Public Defender; and Thomas Bilbrey (at trial), Assistant Public Defender, for the appellant, Jeremy Lee Carter.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Javin Cripps, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Defendant was arrested on July 23, 2012, after he led law enforcement on a high-speed chase, ran multiple stop signs, and eventually drove into the backyard of a

residence where people were present. The Defendant pleaded guilty to evading arrest and reckless endangerment on December 13, 2016. He also pleaded guilty to promotion of methamphetamine manufacture on December 2, 2016, for an offense that occurred June 23, 2012. The Defendant agreed to serve suspended sentences of two years for evading arrest, two years for reckless endangerment, and four years for promoting the manufacture of methamphetamine, totaling an effective eight-year sentence to be served on probation.

On March 23, 2017, a first probation revocation warrant was issued for the Defendant, citing a new criminal charge of criminal trespass in Davidson County, his failure to inform his probation officer of his arrest, his presence outside of his county of residence without permission, his failure to report to his probation officer since February 21, 2017, and his failure to pay supervision fees or court obligations. The revocation warrant was amended on April 6, 2017, citing charges of assault on a police officer and assault on an emergency medical technician, which the Defendant incurred after the first probation revocation warrant was filed. The Defendant obtained a Forensic Neuropsychological Evaluation Report from Dr. James S. Walker in which Dr. Walker opined that the Defendant suffered from a schizoaffective disorder and that he should be treated in an inpatient psychiatric treatment facility. The Defendant entered the report as evidence in his subsequent probation revocation hearings. After the hearings, the trial court revoked the Defendant's probation in part, ordering him to serve 628 days in confinement but awarding 628 days credit for time served.[1] In effect, the trial court released the Defendant to probation immediately following his hearing on December 18, 2018.

A second probation violation warrant was issued for the Defendant on January 9, 2019, citing a new criminal charge of aggravated criminal trespass occurring on or about January 3, 2019, his failure to inform his probation officer of his arrest, his failure to pay supervision fees or court obligations, and the fact that he engaged in "threatening or intimidating behavior" related to the new criminal charge. The trial court held a probation revocation hearing on February 11, 2019. Only the Defendant testified at the hearing. The Defendant's counsel informed the court that he had concerns the Defendant was not competent based on his interactions with the Defendant in the weeks prior to the hearing. The Defendant pleaded not guilty to violating his probation, citing a "spiritual psychosis" as the reason for his conduct underlying the violation. He testified that he entered a family's residence after a cigarette lighter appeared in his hand and after he was told that the cigarette lighter belonged to the individuals in the residence. He testified

---

[1] The Defendant notes in a footnote within his brief that the trial court's sentence imposed after revoking his probation was illegal because the trial court exceeded its statutory authority to order it. The State responds that the sentence was not illegal because the trial court was awarding credit for time served, effectively releasing the Defendant back to probation after the hearing. However, the Defendant never appealed the trial court's order, did not raise the issue in the trial court, and does not seek relief on this basis in this appeal.

that he was also informed that "the Prophet Isaiah was in there." He stated that he entered the residence through a door after tapping on it. A startled woman inside the residence yelled that someone was in their home, and a man also inside the residence returned wielding a pistol. The Defendant testified that he never threatened the individuals in the residence and that he "need[s] to be in a hospital . . . ." The Defendant's medications at that time included one taken as an injection and one taken as a pill. At the time of the incident, the Defendant had not taken an injection since December 18, 2018, and he had not taken a pill since December 24, 2018.

The trial court read into the record an affidavit supporting the Defendant's charge of aggravated criminal trespass. The trial court found that the Defendant violated the terms of his probation. The trial court recalled that the Defendant assured the court that he would take his medication and the court found that he failed to do so. The trial court also found the Defendant's conduct resulting in his second probation violation warrant concerning. The trial court concluded that it did not believe probation was working for the Defendant, and the court revoked the Defendant's probation and ordered him to serve his sentence in confinement.

## ANALYSIS

On appeal, the Defendant does not challenge the trial court's finding that he violated the terms of his probation. Rather, he challenges the trial court's order requiring him to serve his sentence in confinement. He maintains that the trial court should have reinstated his probation and ordered treatment for the Defendant's mental health issues.

A trial court has the discretion to revoke probation if it finds by a preponderance of the evidence that a defendant violated the conditions of probation. *See* T.C.A. §§ 40-35-310, -311(e); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). An abuse of discretion in revoking a defendant's probation occurs only where there is "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. A trial court finding that a defendant has violated the conditions of probation is statutorily authorized to: "(1) order confinement; (2) order execution of the sentence as originally entered; (3) return the Defendant to probation on appropriate modified conditions; or (4) extend the Defendant's probationary period by up to two years." *State v. Brandon L. Brawner*, No. W2013-01144-CCA-R3-CD, 2014 WL 465743, at *2 (Tenn. Crim. App. Feb. 4, 2014) (citing T.C.A. §§ 40-35-308(a), (c), -310, -311(e)(1); *State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999)). In exercising its authority, a trial court has no obligation to provide a defendant already on probation "'a second grant of probation or another form of alternative sentencing.'" *State v. Tracy Arnold*, No. W2018-00307-CCA-R3-CD, 2018 WL 6266279, at *1 (Tenn. Crim. App., Nov. 30, 2018), *perm. app. denied* (Tenn. Mar. 28, 2019) (citation omitted).

The record supports the trial court's order requiring the Defendant to serve his sentence in confinement. While on probation, the Defendant was charged with aggravated trespass after illegally entering into a family's residence. The Defendant concedes on appeal that the trial court had substantial evidence to revoke his probation. The Defendant previously violated his probation and then violated probation again less than one month after he was reinstated to it by being charged with a new criminal offense. Additionally, the trial court found that the Defendant failed to take his medication, as he assured the court that he would. The trial court considered the evidence presented at the hearing and concluded that the Defendant should serve his sentence in confinement. The trial court's decision was well within its statutory authority. *See* T.C.A. §§ 40-35-308(a), -308(c), -310, -311(e)(1). We conclude that the trial court did not abuse its discretion and that the Defendant is not entitled to relief on this issue.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.[2]

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

---

[2] Following oral argument, the Defendant filed a motion requesting that this court consider post-judgment facts regarding his "mental health and safety" while incarcerated. We conclude that this motion is not well-taken and, therefore, is denied.