IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2021

## STATE OF TENNESSEE v. JERRY DALE BAKER

**Appeal from the Circuit Court for Maury County**
**No. 27235     Stella L. Hargrove, Judge**

_____

### No. M2020-01387-CCA-R3-CD

_____

The Defendant-Appellant, Jerry Dale Baker, appeals from the revocation of his probationary sentence for possession of methamphetamine with intent to sell. The sole issue raised on appeal is whether the trial court erred by fully revoking Defendant's probation and ordering him to serve the remainder of his sentence in confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Brandon E. White, Columbia, Tennessee, for the appellant, Jerry Dale Baker.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Jude Santana, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On August, 5, 2019, Baker pled guilty to possession of methamphetamine with intent to sell, receiving an eight-year sentence suspended to supervised probation after service of six months in jail. On May 5, 2020, Baker was arrested in Bedford County for possession of methamphetamine and drug paraphernalia. Baker was present in Bedford County without permission from his probation officer. A warrant was issued on July 7, 2020, alleging that Baker had violated the conditions of his probation due to his presence, arrest, and conviction for new drug charges in Bedford County, for which he served thirty days in jail.

At the probation revocation hearing, Officer Matt Thomas, Baker's supervising probation officer, testified about Baker's history of supervision. According to Officer Thomas, Baker failed his drug screen at his initial intake appointment, testing positive for methamphetamine, amphetamine, and THC. At his home visit approximately two weeks later, Baker could not be located at his listed residence and had reportedly not lived there for months. The next day, Baker requested to reschedule his appointment with his probation officer for August 23, 2019 but failed to report on the new date. Baker then failed to report to his probation officer on September 9, 2019. Baker eventually turned himself in to the Maury County Jail to begin serving his six-month sentence on September 11, 2019, the same day that a CLEAR report, a tool used to determine if someone has absconded from supervision, was requested.

On cross-examination, Officer Thomas testified that, while Baker "didn't do that well on the front end" of his probation, he had been compliant with his probation instructions during the time between his release from jail in Maury County and his arrest in Bedford County. After his release from jail, Baker reported to his probation officer when required and passed a drug test on December 6, 2019. On his Static Risk Offender Needs Guide, Revised ("STRONG-R") assessment, a tool used to determine the level of supervision required after release, Baker "scored out high for drugs," indicating that drugs posed his highest risk of violation.

Following the revocation hearing, the trial court found that Baker had violated the conditions of his probation based on his presence, arrest, and conviction for simple possession of methamphetamine and possession of drug paraphernalia in Bedford County. The court subsequently revoked Baker's probation and ordered him to serve the remainder of his eight-year sentence in confinement. Baker filed a timely notice of appeal.

**ANALYSIS**

On appeal, Baker argues that the trial court abused its discretion by revoking his probation and ordering him to serve the remainder of his sentence in confinement. He asserts that the trial court should have imposed an alternative to full revocation, such as split confinement, on the condition that he complete an inpatient substance rehabilitation program. The State responds that the trial court properly acted within its authority when it revoked Baker's probation and ordered confinement for the remainder of his sentence after finding that Baker had violated the conditions of his probation. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-

310." Tenn. Code Ann. § 40-35-311(e). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 82). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999) (citations omitted); Tenn. Code Ann. §§ 40-35-308(a), (c), -310, -311 (2014).

Here, Baker does not dispute that he incurred new charges for possession of methamphetamine and drug paraphernalia while on probation or that the court had authority to revoke his probation based on those charges. Rather, Baker contends that the court abused its discretion by fully revoking his probation when it should have imposed an alternative to full revocation, such as split confinement, conditioned on completion of an inpatient substance rehabilitation program. According to Baker, he needs to be rehabilitated from his addiction to methamphetamine, making full revocation and confinement inappropriate under the circumstances.

However, it is well-established that once the trial court determined that Baker had violated the terms of his probation, it was authorized to order him to confinement for the remainder of his sentence. Hunter, 1 S.W.3d at 648. Moreover, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). The trial court's order of revocation was proper. Accordingly, he is not entitled to relief.

## CONCLUSION

Based on our review, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE